M'Kenzie *vs.* M'Rae, adm'r.

M'KENZIE *vs.* M'RAE, adm'r.

1. If the evidence offered in a case, does not conduce or tend to prove the facts in issue, a motion should be made to exclude it from the consideration of the jury : but when the evidence tends to prove the issue, though not conclusive, such a motion cannot prevail.

2. Where evidence is circumstantial, and not conclusive, the jury are sole judges of the effect of the testimony, and are alone capable of deducing inferences from it.

3. Where one obtains a note surreptitiously, and disposes of it to a party cognizant of the fact,—such party cannot recover on the note.

4. Where one practices a cheat on another, in the transfer of a note, surreptitiously obtained, the party injured may recover back the consideration paid for the note.

Error to the Circuit court of Barbour county.

Trover for a promissory note, tried before Judge *Shortridge.*

Defendant plead, not guilty. Judgment for plaintiff.

Plaintiff in error assigned the charge of the court below, as contained in a bill of exceptions taken at the trial. Reference being fully made to the bill of exceptions, in the decision of the court, it is therefore unnecessary to set it forth at length here.

*Porter,* for the plaintiff in error.

ORMOND, J.—The action was trover for a promissory note, brought by the defendant in error, against the

M'Kenzie *vs.* M'Rae, adm'r.

plaintiff. On the trial, a bill of exceptions was tendered by the plaintiff in error, from which it appears that the note was made by one William M'Rae, to the defendant's intestate, or bearer. The evidence, as to the manner in which the plaintiff in error acquired the note, and as to his knowledge, that Alexander D. McRae, from whom he acquired it, had no title in the note, was circumstantial. The court charged the jury, in substance, that if they inferred from the testimony, that the note sued for was the property of defendant's intestate, and that Alexander D. McRae had no title in it or right to dispose of it, but had surreptitiously obtained it, and that these facts were known to the plaintiff in error, that plaintiff's title was no better than his, and that they must find for the defendant in error.

The counsel for the plaintiff in error then moved the court to instruct the jury, that a note payable to bearer, (which was the fact in this case,) may be transferred by the bearer, though he may have acquired possession by finding, fraud or felony, and if the transaction on the part of the purchaser be *bona fide* and without notice, he acquires a good title. The court thereupon charged, that although in some cases a note payable to bearer, might be transferred by one having no title other than possession, and differed perhaps in this from a note payable to order—yet so far as this case was concerned, the law as to both was the same, provided the purchaser had notice of its being surreptitiously obtained by the person selling it. And if the transfer was before letters of administration had been granted, and Alexander D. was not such administrator, defendant below must have

known that Alexander D. had no right to transfer the note in question, if he got possession of it after the death of intestate, and that fact was known to him.

The court, at the instance of the plaintiff below, also charged, that if Alexander D. had practiced a cheat on defendant in the transfer, that he could recover back the consideration paid for the note.

We can see no error in either of the charges given by the court. The jury are the exclusive judges of the effect of testimony; if it be circumstantial, as in this case they alone can deduce inferences from it. If the evidence offered did not conduce or tend to prove the facts in issue, a motion should have been made to exclude it from the consideration of the jury. No such motion was made, and could not have prevailed, had it been made, as the evidence, though not conclusive, tended to prove the issue.

The charge asked for by the defendant below was in fact given, though with more circumlocution than was necessary. The jury were expressly told that the right of the plaintiff below to recover, depended on the fact, that the person from whom the defendant purchased the note, had surreptitiously obtained it, and that the defendant knew these facts: in such case, it is clear he would not be a *bona fide* purchaser, and therefore fell within the principle admitted in the charge asked for.

No question is raised here as to the influence which the act of eighteen hundred and thirty-three, (Aik. Dig. 330, sec. 18,) on the subject of notes payable to bearer, might exert in cases like the present, and therefore no opinion in relation thereto is expressed.

The last charge given by the court is entirely correct. Let the judgment of the court below be affirmed.